# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA,** *ex rel.*
**BRADY MCFARLAND,**

     **Plaintiff**

**v.**                                       **CASE NO. 8:15-CV-1708-T-23T6W**

**FLORIDA PHARMACY SOLUTIONS,**
**INC.,** *et al.*

     **Defendants.**

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Melonie Kotchey, by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to the Relator's Complaint, and states:

## ANSWER

1.     Denied that Defendant promoted any non-FDA approved medications.  Denied that Defendant committed any fraud.  Otherwise, unknown, therefore denied.

2.     Unknown, therefore denied.

3.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

4.     Denied that the Defendant received any illegal kickbacks.  Denied that Defendant contacted any Tricare beneficiaries.  Denied that Defendant promoted unnecessary medications.  Otherwise, unknown, therefore denied.

5.     Denied that Defendant contacted any Tricare beneficiaries.  Denied that Defendant ever represented to anyone any representation of the Tricare program.  Denied that Defendant ever promoted any medications to a Tricare beneficiary.  Denied that Defendant ever put a Tricare beneficiary in contact with a physician.  Otherwise, unknown, therefore denied.

6.     Denied that Defendant ever sent any patient prescriptions to anyone.  Otherwise, unknown, therefore denied.

7.     Denied that Defendant either received or paid any kickbacks to anyone.  Otherwise, unknown, therefore denied.

8.     Unknown, therefore denied.

9.     Unknown, therefore denied.

10.   Denied that Defendant either received or paid any kickbacks to anyone.  Otherwise, unknown, therefore denied.

11.   Denied that Defendant submitted or caused to be submitted any false claims.  Denied that Defendant either received or paid any kickbacks to anyone.  Otherwise, unknown, therefore denied.

12.   Unknown, therefore denied.

13.   Admitted as to jurisdiction.  Otherwise, unknown, therefore denied.

14.   Admitted as to jurisdiction.  Otherwise, unknown, therefore denied.

15.   Admitted as to venue.  Otherwise, unknown, therefore denied.

16.   Unknown, therefore denied.

17.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

18.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

19.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

20.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

21.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

22.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

23.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

24.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

25.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

26.   Denied that Defendant has employed or contracted with any physicians.  Otherwise, unknown, therefore denied.

27.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

28.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied. [Allegation 28 appears to have two paragraphs, and this response applies to both those paragraphs]

29.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

30.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

31.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

32.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

33.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

34.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

35.   Denied that Defendant has ever been an employee of Florida Pharmacy Solutions, Inc  or Mediverse.  Denied that Defendant resides at 22 Ann Street, Pittsburgh, Pennsylvania 15223-2001.  Admitted that Defendant resides at 27 Ann Street, Pittsburgh, Pennsylvania 15223-2001.  Admitted that Defendant markets medical products, to included compounded medications, to medical providers such as physicians.  Otherwise, denied.

36.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

37.   Unknown, therefore denied.

38.   Unknown, therefore denied.

39.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

40.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

41.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

42.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

43.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

44.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

45.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

46.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

47.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

48.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

49.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

50.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

51.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

52.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

53.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

54.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

55.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

56.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

57.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

58.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

59.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

60.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

61.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

62.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

63.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

64.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

65.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

66.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

67.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

68.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

69.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

70.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

71.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

72.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

73.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

74.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

75.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

76.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

77.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

78.     This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

79.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

80.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

81.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

82.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

83.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

84.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

85. This statement does not appear to require a substantive response from Defendant. To the extent that a substantive response is required, the allegation is denied.

86. This statement does not appear to require a substantive response from Defendant. To the extent that a substantive response is required, the allegation is denied.

87. This statement does not appear to require a substantive response from Defendant. To the extent that a substantive response is required, the allegation is denied.

88. This statement does not appear to require a substantive response from Defendant. To the extent that a substantive response is required, the allegation is denied.

89. This statement does not appear to require a substantive response from Defendant. To the extent that a substantive response is required, the allegation is denied.

90. This statement does not appear to require a substantive response from Defendant. To the extent that a substantive response is required, the allegation is denied.

91.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

92.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

93.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

94.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

95.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

96.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

97.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

98.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

99.    This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

100.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

101.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

102.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

103.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

104.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

105.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

106.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

107.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

108.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

109. This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

110. Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

111. Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

112. Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

113. Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

114. Unknown, therefore denied.

115. Unknown, therefore denied.

116. Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

117. Unknown, therefore denied.

118. Unknown, therefore denied.

119. Denied that Defendant has any telemedicine physicians fill out any forms.  Otherwise, unknown, therefore denied.

120. Denied that Defendant made any telephone calls to Tricare beneficiaries.  Denied that Defendant received any referrals from a marketing company.  Denied that Defendant has any relationships with any telemedicine physicians.  Otherwise, unknown, therefore denied.

121. Unknown, therefore denied.

122. Unknown, therefore denied.

123. Denied that Defendant employed or contracted with any telemedicine physicians.  Admitted that Defendant marketed the professional compounding and dispensing services of Florida Pharmacy Solutions, Inc. to independent physicians for the prescribing of compounded medications for their patients.  Otherwise, unknown, therefore denied.

124. Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

125. Unknown, therefore denied.

126. Unknown, therefore denied.

127. Unknown, therefore denied.

128. Unknown, therefore denied.

129.    Unknown, therefore denied.

130.    Unknown, therefore denied.

131.    Unknown, therefore denied.

132.    Unknown, therefore denied.

133.    Unknown, therefore denied.

134.    Admitted that Defendant marketed the compounding and
        dispensing services of Florida Pharmacy Solutions, Inc. to
        independent physician Dr. Frank Amico.  Denied that Defendant
        marketed any non-FDA approved medications.  Otherwise,
        unknown, therefore denied.

135.    Unknown, therefore denied.

136.    Denied that Defendant marketed any non-FDA approved
        medications.  Otherwise, unknown, therefore denied.

137.    Unknown, therefore denied.

138.    Unknown, therefore denied.

139.    Unknown, therefore denied.

140.    Denied that Defendant marketed any non-FDA approved
        medications.  Otherwise, unknown, therefore denied.

141.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

142.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

143.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

144.   Denied that a "pain cream" is categorically "medically unnecessary."  Otherwise, unknown, therefore denied.

145.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

146.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

147.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

148.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

149.   Unknown, therefore denied.

150.   Unknown, therefore denied.

151.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

152.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

153.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

154.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

155.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

156.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

157.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

158.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

159.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

160.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

161.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

162.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

163.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

164.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

165.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

166.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

167.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

168.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

169.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

170.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

171.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

172.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

173.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

174.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

175.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

176.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

177.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

178.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

179.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

180.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

181.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

182.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

183.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

184.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

185.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

186.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

187.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

188.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

189.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

190.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

191.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

192.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

193.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

194.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

195.   Denied that Defendant marketed any non-FDA approved medications.  Otherwise, unknown, therefore denied.

196.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

197.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

198.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

199.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

200.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

201.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

202.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

203.   Denied that Defendant marketed any non-FDA approved
medications.  Otherwise, unknown, therefore denied.

204.   Denied that Defendant contacted any Tricare beneficiaries or made
any assertions to any Tricare beneficiaries about anything.
Otherwise, unknown, therefore denied.

205.   Unknown, therefore denied.

206.   Unknown, therefore denied.

207.   Unknown, therefore denied.

208.   Unknown, therefore denied.

209.   Unknown, therefore denied.

210.   Unknown, therefore denied.

211.   Unknown, therefore denied.

212.   Denied that Defendant paid or received any kickbacks.  Denied
       that Defendant marketed any non-FDA approved medications.
       Otherwise, unknown, therefore denied.

213.   Admitted that Defendant marketed the professional compounding
       and dispensing services of Florida Pharmacy Solutions, Inc. to
       independent physicians for the prescribing of compounded
       medications for their patients.  Otherwise, unknown, therefore
       denied.

214.   Denied that Defendant paid or received any kickbacks.  Otherwise,
       unknown, therefore denied.

215.   Admitted that Defendant marketed the professional compounding
       and dispensing services of Florida Pharmacy Solutions, Inc. to

independent physicians for the prescribing of compounded

medications for their patients.  Denied that Defendant paid or

received any kickbacks.  Denied that Defendant has identified or

contacted any Tricare beneficiaries.  Otherwise, unknown,

therefore denied.

216.   Unknown, therefore denied.

217.   Denied that Defendant marketed any non-FDA approved

medications.  Denied that the Defendant filed or caused to be filed

a false claim.  Otherwise, unknown, therefore denied.

218.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

219.   This statement does not appear to require a substantive response

from Defendant.  To the extent that a substantive response is

required, the allegation is denied.

220.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

221.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

222.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

223.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

224.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

225.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

226.   Unknown, therefore denied.

227.   Unknown, therefore denied.

228.   Unknown, therefore denied.

229.   Unknown, therefore denied.

230.   Unknown, therefore denied.

231.   Unknown, therefore denied.

232.   Unknown, therefore denied.

233.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

234.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

235.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

236.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

237.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

238.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

239.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

240.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

241.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

242.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

243.   Unknown, therefore denied.

244.   Unknown, therefore denied.

245.   Unknown, therefore denied.

246.   Unknown, therefore denied.

247.   Unknown, therefore denied.

248.   Unknown, therefore denied.

249.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

250.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

251.   Denied as to Defendant.  Otherwise, unknown, therefore denied.

252.   This statement does not appear to require a substantive response from Defendant.  To the extent that a substantive response is required, the allegation is denied.

## AFFIRMATIVE DEFENSES

253.   FIRST AFFIRMATIVE DEFENSE.  No filing or causing the filing of a false claim under 31 USC § 3729(a)(1)(A).  Defendant marketed the professional compounding and dispensing services of Florida Pharmacy Solutions, Inc. to independent physicians for the prescribing of compounded medications for their patients.  The Defendant was paid only for marketing the services of Florida Pharmacy Solutions, Inc., and was not paid for the referral of patients or patient business.  The Defendant has not had contact with any Tricare beneficiaries.  The Defendant did not pay or receive any kickbacks.  The Defendant marketed only FDA-approved medications.  The Defendant did not file or cause to be filed a claim, false or otherwise, knowingly or not, for payment for any medication.

254.   SECOND AFFIRMATIVE DEFENSE.  No conspiracy under 31 USC § 3729(a)(1)(C).  Defendant did not conspire with any person or entity to file a false claim, cause the filing of a false claim, or make or cause to be made a false statement or record to cause the payment of a false claim, knowingly or not.

255.  THIRD AFFIRMATIVE DEFENSE.  Lack of materiality to the
causing of the filing of a false claim or false statement or record
under 31 USC §§ 3729(a)(1)(A), 3729(a)(1)(B) and 3729(a)(1)(C).
Defendant merely marketed the services of Florida Pharmacy
Solutions Inc. to independent physicians.  Defendant's marketing
is too attenuated from the actual filing of a claim for payment for
the compounded and dispensed medication by a compounding
pharmacy to generate legal liability.

256.  FOURTH AFFIRMATIVE DEFENSE.  Damages caused by other
parties.  In the event that Tricare has been damaged by the
payment of false claims, such damages were the result of acts or
failures to act of other parties.  Defendant merely provided
marketing services.  Defendant did not prescribe the medication;
Defendant did not compound the medication; Defendant did not
dispense the medication to the patient; Defendant did not file or
cause the filing of a claim for reimbursement for the medication to
the Tricare program; and Defendant received no reimbursement
from Tricare for the compounding and dispensing of the
medication.

257. FIFTH AFFIRMATIVE DEFENSE.  Waiver as to lack of medical necessity and excessive rate of reimbursement.  The Tricare program unilaterally constructs its pharmaceutical formulary and unilaterally sets the reimbursement for such formulary.  If the Tricare program includes pain medications in its formulary that are not medically necessary for the treatment of pain and/or reimburses such medications to excess, then the Tricare program necessarily waives the argument that the prescribing of such medications generates a false claim.

258. SIXTH AFFIRMATIVE DEFENSE.   Failure to mitigate damages as to lack of medical necessity and excessive rate of reimbursement.  The Tricare program unilaterally constructs its pharmaceutical formulary and unilaterally sets the reimbursement for such formulary.  If the Tricare program includes pain medications in its formulary that are not medically necessary for the treatment of pain and/or reimburses such medications to excess, then the Tricare program necessarily has failed to mitigate any damages that might result from the prescribing of such medications.

WHEREFORE, Defendant hereby answers and provides affirmative

defenses to the Complaint of the Relator.

RESPECTFULLY SUBMITTED this __14th__ day of April, 2017.

_____*/Mark S. Thomas/*_____
Mark S. Thomas
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
(855) 629-7101 (fax)
mark@thomashlg.com
Counsel for Defendant Melonie Kotchey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing has been
furnished by Federal Court electronic filing this __14th__ day of April, 2017
to:

A. Lee Bentley, III
Benjamin C. Mizer
Charles T. Harden, III
United States Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813-301-3075 (telephone)
813-274-6200 (facsimile)

Michael D. Granston
Jamie A. Yavelberg
Nathan P. Green
US Department of Justice
Civil Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
202-305-3669 (telephone)
202-305-2073 (facsimile)

Faith E. Gay
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7000 (telephone)
212-849-7100 (facsimile)

Sam S. Sheldon
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, DC 20001
202-538-8000 (telephone)
202-538-8100 (facsimile)

Valerie S. Roddy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3000 (telephone)
213-443-3100 (facsimile)


_____*/Mark S. Thomas/*_____
Mark S. Thomas